<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STEFAIN M. ROUNDTREE,<br><br>Petitioner,<br><br>v.<br><br>STATE OF NEW JERSEY, et al.,<br><br>Respondents. | Civil Action No. 17-581 (BRM)<br><br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE:**

Before this Court is the petition for a writ of habeas corpus of Petitioner Stefain M. Roundtree ("Petitioner"), brought pursuant to 28 U.S.C. § 2254, challenging the termination of Petitioner's parental rights and the adoption of her children by foster parents (ECF No. 1), as well as Petitioner's application for emergent relief seeking to prevent the adoption of her children (ECF No. 2). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, this Court is required to screen the petition to determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." 28 U.S.C. § 2254 Rule 4. For the reasons set forth below, Petitioner's habeas petition is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction, and her application for emergent relief is **DENIED WITHOUT PREJUDICE AS MOOT**.

**I.   BACKGROUND**

Petitioner challenges the termination of her parental rights by the Superior Court of New Jersey, Mercer County, Family Part, and the pending adoption of her children by foster parents. (ECF No 1.) Petitioner offers scant details of the underlying Superior Court judgments she seeks

1

to challenge in this matter. Nevertheless, it appears that, despite her having completed unspecified treatment at the Superior Court's direction, the Superior Court stripped Petitioner of her parental rights, and this decision was upheld by the New Jersey Appellate Division and New Jersey Supreme Court. (*Id.* at 1-16.) Petitioner contends these decisions were contrary to her civil rights and that her court-appointed attorney in these matters did not adequately represent her. (*Id.*) Petitioner therefore asks this Court to overturn the State courts' child custody determinations, return her parental rights, and re-visit her ability to contact her children. (*Id.*) Petitioner also moves this Court to enter an injunction preventing the adoption of her children by foster parents. (ECF Nos. 1, 2.) Petitioner does not appear to be in custody pursuant to any State-court or federal-court judgment and has not suggested she is subject to any criminal conviction. Petitioner only alleges she has been subject to adverse child custody and parental rights determinations despite her alleged cooperation with the State courts' treatment requirements. (ECF No. 1 at 1-16.)

## II.  LEGAL STANDARD

Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Where a claim has been adjudicated on the merits by a State court, the district court shall not grant an application for a writ of habeas corpus unless the State court adjudication either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

2

28 U.S.C. § 2254(d)(1)-(2). "[C]learly established federal law . . . includes only the holdings, as opposed to the dicta" of United States Supreme Court decisions. *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015).

Under this statute, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), district courts are required to give great deference to the determinations of the state trial and appellate courts. *Renico v. Lett*, 559 U.S. 766, 772-73 (2010); *Eley v. Erickson*, 712 F.3d 837, 845 (3d Cir. 2013). A habeas petitioner has the burden of rebutting the presumption of correctness provided to the State courts by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Eley*, 712 F.3d at 846; *see also Parker v. Matthews*, 567 U.S. 37, ---, 132 S. Ct. 2148, 2151 (2012). "[F]ederal judges are required to afford state courts due respect by overturning [State court] decisions only when there could be no reasonable dispute that they were wrong." *Woods*, 135 S. Ct. at 1376.

Rule 4 of the Rules Governing Section 2254 Cases instructs this Court to preliminarily review a petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." 28 U.S.C. § 2254 Rule 4. Pursuant to this Rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

### III. DECISION

In her habeas petition, Petitioner challenges several family court orders stripping her of her parental rights and permitting the adoption of her children by foster parents. However, she does not appear to be in custody pursuant to any judgment of the State courts at this time, and certainly does not appear to be in custody resulting from the judgments she wishes to challenge. Jurisdiction pursuant to § 2254, however, only exists for individuals who are "in custody pursuant to the

3

judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Although the definition of "custody" for § 2254 purposes includes being subject to parole supervision or certain types of continuing collateral consequences, the Supreme Court has specifically held that a person does not qualify as being "in custody" for the purposes of habeas corpus jurisdiction simply because she is (or her children are) in the physical custody of the state via foster parents. *See Lehman v. Lycomng Cnty. Children's Servs. Agency*, 458 U.S. 502, 508-12 (1982). The Supreme Court explained:

> Although the language of § 2254(a), especially in light of § 2241, suggests that habeas corpus is available only to challenge the convictions of prisoners actually in the physical custody of the State, three modern cases have extended it to other situations involving challenges to state-court decisions. The first of these cases is *Jones v. Cunningham*, 371 U.S. 236[] (1963), in which the Court allowed a parolee to challenge his conviction by a habeas petition. The Court considered the parolee in "custody" for purposes of § 2254(b) because "the custody and control of the Parole Board involve significant restraints on petitioner's liberty ... which are in addition to those imposed by the State upon the public generally." 371 U.S., at 242[.] And in *Carafas v. LaVallee*, 391 U.S. 234[] (1968), the Court allowed the writ in a challenge to a state-court judgment even though the prisoner, incarcerated at the time the writ was filed, had finished serving his sentence during the proceedings. The custody requirement had, of course, been met at the time the writ was filed, and the case was not moot because Carafas was subject to "'collateral consequences'" as a result of his conviction, [*id.* at 237], and "is suffering, and will continue to suffer, serious disabilities ...." *Id.* [at 239]. Most recently, in *Hensley v. Municipal Court*, 411 U.S. 345[] (1973), the Court allowed the writ to be used to challenge a state-court conviction even though the defendant had been released on his own recognizance after sentencing but prior to the commencement of his incarceration. The Court held that the defendant was in the custody of the State for purposes of § 2254(b) because he was "subject to restraints 'not shared by the public generally,'" 411 U.S. at 351[]-indeed, his arrest was imminent.
>
> Thus, although the scope of the writ of habeas corpus has been extended beyond that which the most literal reading of the statute might require, the Court has never considered it a generally available federal remedy for every violation of federal rights.

4

Instead, past decisions have limited the writ's availability to challenges to state-court judgments in situations where – as a result of a state-court criminal conviction – a petitioner has suffered substantial restraints not shared by the public generally. In addition, in each of these cases the Court considered whether the habeas petitioner was "in custody" within the meaning of § 2254.

[The petitioner] argues that her sons are involuntarily in the custody of the State for purposes of § 2254 because they are in foster homes pursuant to an order issued by a state court. Her sons, of course, are not prisoners. Nor do they suffer any restrictions imposed by a state criminal justice system. These factors alone distinguish this case from all other cases in which this Court has sustained habeas challenges to state-court judgments. Moreover, although the children have been placed in foster homes pursuant to an order of a Pennsylvania court, they are not in the "custody" of the State in the sense in which that term has been used by this Court in determining the availability of the writ of habeas corpus. They are in the "custody" of their foster parents in essentially the same way, and to the same extent, other children are in the custody of their natural or adoptive parents. Their situation in this respect differs little from the situation of other children in the public generally; they suffer no unusual restraints not imposed on other children. They certainly suffer no restraint on liberty as that term is used in *Hensley* and *Jones*, and they suffer no "collateral consequences" -like those in *Carafas*- sufficient to outweigh the need for finality. The "custody" of foster or adoptive parents over a child is not the type of custody that traditionally has been challenged through federal habeas. [The petitioner] simply seeks to relitigate, through federal habeas, not any liberty interest of her sons, but the interest in her own parental rights.

Although a federal habeas corpus statute has existed ever since 1867, federal habeas has never been available to challenge parental rights or child custody. Indeed, in two cases, the Court refused to allow the writ in such instances. *Matters v. Ryan*, 249 U.S. 375[] (1919); *In re Burrus*, 136 U.S. 586[] (1890). These decisions rest on the absence of a federal question, but the opinions suggest that federal habeas corpus is not available to challenge child custody. Moreover, federal courts consistently have shown special solicitude for state interests "in the field of family and family-property arrangements." *United States v. Yazell*, 382 U.S. 341, 352[] (1966). Under these circumstances, extending the federal writ to challenges to state child-custody decisions-challenges based on alleged constitutional defects collateral to the actual custody

5

> decision-would be an unprecedented expansion of the jurisdiction of the lower federal courts.

*Lehman*, 458 U.S. at 508-12 (footnotes omitted). The Supreme Court has concluded that neither the termination of parental rights nor the taking of one's children into state custody via foster parents is sufficient to meet the custody requirement of § 2254, and habeas corpus jurisdiction does not exist to challenge judgments causing those events as a result. *Id.* at 515-16.

In this matter, Petitioner only alleged the termination of her parental rights and the taking of her children into the pseudo-parental custody of the state. *Lehman* clearly establishes that neither of those situations are sufficient to establish that a petitioner is "in custody" such that habeas jurisdiction would exist for this Court to hear Petitioner's claims. Therefore, neither Petitioner nor her children are "in custody" for habeas corpus purposes, and her habeas petition is dismissed for lack of jurisdiction. Petitioner's accompanying application for emergent relief (ECF No. 2) is denied without prejudice as moot.

### IV.  CONCLUSION

For the reasons stated above, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction, and Petitioner's application for emergent relief (ECF No. 2) is **DENIED WITHOUT PREJUDICE AS MOOT**. An appropriate order will follow.

Date:  February 7, 2017          */s/Brian R. Martinotti*
                                  **HON. BRIAN R. MARTINOTTI**
                                  **UNITED STATES DISTRICT JUDGE**